**QIU LI, Petitioner,**

v.

**Eric H. HOLDER Jr.,\* United States Attorney General, Respondent.**

**No. 08–1481–ag.**

United States Court of Appeals, Second Circuit.

March 24, 2009.

Robert J. Adinolfi, Louis & Adinolfi, LLC, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Linda S. Wernery, Assistant Director, Daniel Glenn Lonergan, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Qiu Li, a native and citizen of China, seeks review of the February 29, 2008 order of the BIA affirming the April 11, 2006 decision of Immigration Judge ("IJ") Elizabeth A. Lamb pretermitting his application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Qiu Li,* No. A 98 906 539 (B.I.A. Feb. 29, 2008), *aff'g* No. A 98 906 539 (Immig. Ct. N.Y. City Apr. 11, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

In his brief before this Court, Li affirmatively waives any challenge to the BIA's pretermission of his untimely asylum application. Further, because Li failed to challenge the agency's denial of his request for CAT relief before either the BIA or this Court, he has abandoned that claim. *See Gui Yin Liu v. INS,* 508 F.3d

Attorney General Michael B. Mukasey as respondent in this case.

**72**

716, 723 n. 6 (2d Cir.2007). Thus, only the BIA's denial of Li's application for withholding of removal is properly before us.

With respect to Li's withholding of removal claim, which was based entirely on his wife's alleged forced IUD insertion and abortion, Li recognizes that this Circuit's case law forecloses any challenge to the agency's denial of relief. *See Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 308 (2d Cir.2007) (finding that an asylum applicant can only establish eligibility based on harm that "they themselves have suffered or must suffer"). Nonetheless, he urges us to invoke our *"nunc pro tunc* authority" to evaluate the denial of his application for withholding of removal by applying the law as it existed during his merits hearing, which occurred prior to this Court's decision in *Shi Liang Lin.* However, "[a]ppellate courts ordinarily apply the law in effect at the time of the appellate decision." *N.L.R.B. v. Coca–Cola Bottling Co.,* 55 F.3d 74, 78 (2d Cir. 1995). Thus, even assuming Li's credibility, his petition for review is "doomed." *See Gui Yin Liu,* 508 F.3d at 723. Because Li is ineligible for the relief he sought, we need not reach Li's argument that the agency erred in making its adverse credibility determination.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.